UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Devon Dontray Dunham, | ) | C/A No. 8:25-cv-7409-MGL-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Devon Dontray Dunham ("Petitioner") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and is presently incarcerated at the Canaan United States Penitentiary ("USP Canaan") in Waymart, Pennsylvania. Proceeding *pro se*, Petitioner filed this action purportedly under 28 U.S.C. § 2241, petitioning the Court for a writ of habeas corpus. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district court. For the reasons below, the undersigned concludes that this action should be dismissed without prejudice and without requiring Respondent to file an answer or return so that Petitioner can either file a § 2241 petition in the district of confinement or file a § 2255 petition in the underlying criminal action.

1

## BACKGROUND

**Petitioner's Underlying Criminal Proceedings[1]**

The Petition filed in this case arises from Petitioner's conviction and sentence in this Court at case number 22-cr-0295.  *See* ECF No. 1 at 1; *see also United States v. Dunham*, No. 2:22-cr-0295-DCN (D.S.C.).  Petitioner was Indicted by a federal grand jury on April 12, 2022, and charged with Felon in Possession of a Firearm and Ammunition at Count 1.  *Id.*, ECF No. 1.  On September 10, 2024, Plaintiff entered a plea of guilty as to Count 1 of the Indictment.  *Id.*, ECF No. 53.  On May 5, 2025, the Honorable David C. Norton, United States District Judge, sentenced Petitioner to a total term of imprisonment of one hundred and ten months.  *Id.*, ECF Nos. 59; 60.

Petitioner does not appear to have filed a notice of appeal from his conviction and sentence.  Nor has he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the underlying criminal action.

**The Present Petition**

Petitioner commenced this action by filing a handwritten document captioned as a "Notice of 2241 Motion." ECF No. 1 at 1.  That document lists docket number 2:22-cr-00295-DCN-1.  *Id*.  Petitioner makes the following allegations.  Petitioner asserts that he "motions this honorable [Court] to vacate his sentence due to the District Court in the Southern District of South Carolina convicting him under Title 18 U.S.C. [§] 922(g)(1), which violates his Second and Fourteenth Amendment[ rights]." *Id*.  Petitioner contends that, because 18 U.S.C. § 922(g)(1) violates his

---

[1] The Court takes judicial notice of Petitioner's original criminal proceedings in this Court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Second and Fourteenth Amendment rights, "his sentence should be vacated and he should be released from prison immediately." *Id*. Petitioner cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024). *Id*. Petitioner argues that the Supreme Court has held that the Second and Fourteenth Amendments give individuals the right to possess and carry a handgun, "so his sentence should be vacated and he should be released from prison immediately." *Id*. at 1–2. Petitioner makes other similar arguments. *Id*. at 2–4. Petitioner concludes by requesting that this Court "vacate his sentence due to the United States District Court in the Southern District of South Carolina convicting me under Title 18 U.S.C. [§] 922(g)(1), which violates my Second and Fourteenth Amendment[ rights]." *Id*. at 4.

## STANDARD OF REVIEW

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

**Habeas Corpus Generally**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 only if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Diaz v. Warden, FCI Edgefield*, C/A No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at 490.

**Background**

Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241, requesting that this Court vacate his federal conviction and sentence for felon in possession of a firearm and ammunition entered in *United States v. Duhnam*, No. 2:22-cr-0295-DCN. Petitioner requests to be immediately released from prison. Petitioner was sentenced on May 5, 2025, he has not filed a direct appeal, and he has not filed a habeas petition under 28 U.S.C. § 2255. In the present action, Petitioner presents numerous arguments for why his conviction and sentence were unlawful.

**Jurisdiction under § 2241**

To the extent the Petition is to be treated as one seeking relief under § 2241, this Court lacks jurisdiction. Because this Court is not the district of Petitioner's present confinement, it does not have jurisdiction over the Petition. *Cody v. Phelps*, C/A No. 8:20-cv-3298-SAL-JDA, 2020 WL 9071682, at *2 (D.S.C. Oct. 26, 2020), *R&R adopted by* 2021 WL 1230280 (D.S.C. Mar. 31, 2021).

"The Supreme Court has established that jurisdiction over a § 2241 habeas petitions lies in the district of confinement, not where the alleged wrongful acts occurred." *al-Shabazz v. Streeval*, C/A No. 7:24-cv-00115, 2024 WL 3177134, at *1 (W.D. Va. June 20, 2024) (citing *Rumsfeld*, 542 U.S. at 434). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. A prisoner's "custodian . . . is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242). Further, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* (quoting 28 U.S.C. § 2241(a)).

Petitioner is presently incarcerated at USP Canaan, which is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania. *See Matthews v. Holt*, C/A No. 5:09-cv-28, 2009 WL 3047224, at *3 (N.D.W. Va. Sept. 21, 2009) (noting USP Canaan in Waymart, Pennsylvania, is located in the Middle District of Pennsylvania). Thus, the proper Respondent in this case is the warden of that facility. *Id*. This Court therefore lacks jurisdiction over Petitioner's claims under § 2241. *United States v. Morgan*, 305 F. App'x 61, 62 (4th Cir. 2008) (explaining "[a] § 2241 petition . . . must be brought in the district of incarceration" and any other district court lacks jurisdiction); *Simmons v. United States*, C/A No. 5:07-cr-40-01, 2014 WL 2329478, at *7 (N.D.W. Va. May 28, 2014) (noting the petitioner's § 2241

action "must be filed in the district court having jurisdiction over USP Canaan where the prisoner is housed"). "Consequently, this Court must either dismiss this case or transfer it to the Middle District of Pennsylvania." *Matthews*, 2009 WL 3047224, at *3; *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In similar cases, after finding a lack of jurisdiction, the Fourth Circuit has directed that a district court must determine "whether transferring [the] § 2241 petition to the proper federal district court would serve the interests of justice, *see* 28 U.S.C. § 1631 (2000), or whether the action is more appropriately dismissed without prejudice to allow" refiling in the appropriate district court. *United States v. Childs*, 126 F. App'x 96, 98 (4th Cir. 2005); *see also, e.g., United States v. Falice*, 834 F. App'x 32, 33 (4th Cir. 2021) (taking same approach). A court may consider various factors when deciding whether to dismiss or transfer an action, including when the petition was filed, whether the petitioner has paid the filing fee, whether a statute of limitations might bar the petitioner from refiling his claims, and whether the requested relief is available through a § 2241 petition. *See, e.g.*, *Boughers v. Lovett*, No. 7:23-cv-00389, 2023 WL 4409112, at *1 (W.D. Va. July 7, 2023).

These factors weigh in favor of dismissal. This action, which was opened on July 15, 2025, has not been pending for very long. Petitioner has not paid the filing fee, nor is the Petition filed on the appropriate form. Petitioner was sentenced on May 5, 2025, and thus the statute of

limitations does not appear to be an issue at this time.[2] Petitioner is incarcerated at USP Canaan and not at a facility within the territorial limits of the District of South Carolina. Finally, the claims asserted in the Petition are without merit as § 2241 is not the appropriate vehicle for asserting the claims challenging the validity of the conviction. For all these reasons, the Court finds that dismissal of this action without prejudice, rather than transfer, would be appropriate. If the District Court adopts this recommendation to dismiss this action, Petitioner may refile his § 2241 Petition in the United States District Court for the Middle District of Pennsylvania.

**Recharacterization under § 2255**

Further, the Court notes that the Petition in this case asserts grounds that are better understood as seeking relief under § 2255 rather than § 2241. "Many federal prisoners, such as the Petitioner here, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action." *Jones v. Atkinson*, C/A No. 2:13-cv-1340 DCN, 2013 WL 3457058, at *2 (D.S.C. July 9, 2013); *see also San–Miguel v. Dove,* 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). Section 2241 "may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . ." *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen,* No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from

---

[2] The undersigned makes no finding concerning the specific date of the one-year period of limitations applicable in Petitioner's criminal case, after which a § 2255 petition may be time-barred.

their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective, and since Petitioner has not yet even filed a motion to vacate under § 2255, he cannot demonstrate that its relief would be "inadequate or ineffective." Indeed, courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause," which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Bearden v. Atkins*, C/A No. 1:12-cv-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Bearden v. Atkins*, C/A No. 1:12-cv-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Ross v. Mitchell*, C/A No. 6:10-cv-1891, 2010 WL 3522359, at *2 (D.S.C. Aug.11, 2010), *R&R adopted by* 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

Accordingly, Petitioner's § 2241 Petition should be dismissed because it challenges the validity of his federal conviction and sentence and Petitioner has not demonstrated that § 2255 is inadequate or ineffective. Where the interest of justice requires, a court may recharacterize— rather than dismiss—a § 2241 habeas petition as a motion to vacate, set aside, or correct a

petitioner's sentence under 28 U.S.C. § 2255.[3] *See Castro v. United States*, 540 U.S. 375, 381, (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . ."); *Remy v. Carver*, C/A No. 1:19-cv-00422, 2021 WL 6803084, at *2 (S.D.W. Va. Dec. 10, 2021) ("Inasmuch as Petitioner's claims are not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion.'" (citation omitted)), *R&R adopted by* 2022 WL 329885 (S.D.W. Va. Feb. 3, 2022).  However, because Petitioner is proceeding *pro se*, before the Court can construe his claims for relief as a motion under § 2255, the court must first notify him that "it intends to recharacterize the pleading, warn [him] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide [him] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383; *see also United States v. Wilkes*, 796 F. App'x 183, 184 (4th Cir. 2020) (advising the district court on remand to provide warnings pursuant to *Castro*); *Tucker v. Young*, C/A No. 5:20-cv-00297, 2020 WL 9455056, *5 (S.D.W. Va., Dec. 4, 2020), *R&R adopted by* 2021 WL 1823009 (S.D. W. Va., May 6, 2021).

Given the consequences of recharacterizing the Petition as one seeking relief under § 2255 and in light of the factors previously discussed, including the fact that Petitioner was only recently convicted and sentenced, the undersigned finds that dismissal of this action, without prejudice, is appropriate rather than recharacterizing it as one under § 2255.  If Petitioner wishes to file a motion

---

[3] If an action is recharacterized as a § 2255 petition, the court should then order that the motion be filed in the petitioner's criminal case. *See* 28 U.S.C. § 2255(a).

to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, he may do so by filing an appropriate petition in the underlying criminal action at case number 2:22-cr-0295-DCN. Of course, Petitioner must comply with all of the statutory requirements and should be mindful of the statute of limitations applicable to any such action.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS **RECOMMENDED** that the district court **DISMISS** this action without prejudice and without requiring Respondent to file an answer or return so that Petitioner can either file a § 2241 petition in the district of confinement or a § 2255 petition in the underlying criminal action.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 22, 2025
Greenville, South Carolina


*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).